| | |
|---|---|
| Mary Barbato<br>3002 River Bottom Road<br>Cary, NC 27519<br><br>     Plaintiff<br>v.<br><br>Greystone Alliance, LLC<br>33 Dodge Road, Suite 106<br>Getzville, NY 14068<br><br>     Defendant | Court of Common Pleas of Wayne County<br>– Civil Action<br><br>Case No. 565-CV-2013<br><br><br><br><br><br>Jury Trial Demanded |

## NOTICE

  You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by plaintiff(s). You may lose money or property or other rights important to you.

  YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

  IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

        North Penn Legal Services
        925 Court Street
        Honesdale, PA 18431
        (877) 515-7465

CERTIFIED FROM THE RECORD
OCT 07 2013
EDWARD G. SANDERCOCK
PROTHONOTARY & CLERK

2013 OCT -7 P 2:52
PROTHONOTARY AND
CLERK OF COURTS
WAYNE COUNTY, PA

| | |
|---|---|
| Mary Barbato,<br>　　　　　Plaintiff<br>v.<br><br>Greystone Alliance, LLC,<br>　　　　　Defendant | Court of Common Pleas of Wayne County<br>– Civil Action<br><br>Case No. _____-CV-_____<br><br>Jury Trial Demanded |

## COMPLAINT

### I. Introduction

1. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("the Act") which prohibits debt collectors from engaging in abusive, unfair, and deceptive practices.

### II. Jurisdiction

2. Jurisdiction of this Court is proper pursuant to 15 U.S.C. § 1692k(d), which permits an action under the Act to be brought in any court of competent jurisdiction.

3. Venue in this district is proper in that Defendant transacts business here and the conduct complained of is alleged to have occurred here.

### III. Parties

4. Plaintiff, Mary Barbato, is a natural person who at all times relevant to this action lived in Honesdale, Wayne County, Pennsylvania. After the events complained of herein, she moved to North Carolina.

5. Defendant, Greystone Alliance, LLC, ("the Collector") is a limited liability corporation engaged in the business of collecting debts in this state with a place of business located at 33 Dodge Road, Suite 106, Getzville, NY 14068 and is a "debt collector" as defined by the Act, 15 U.S.C. § 1692a(6).

CERTIFIED FROM THE RECORD
OCT 07 2013
EDWARD G. SANDERCOCK
PROTHONOTARY & CLERK

PROTHONOTARY AND CLERK OF COURTS WAYNE COUNTY, PA
2013 OCT -7 P 2: 52

## IV. Statement of Claim

6. Within the past year the Collector was attempting to collect an alleged account ("the Account") from Plaintiff.

7. The Account is a "debt" as that term is defined by the Act, 15 U.S.C. § 1692a(5).

8. The Collector regularly uses the telephone to attempt to collect consumer debts alleged to be due another.

9. Within the last year, the Collector caused at least two telephone calls to be placed to phone number (516) 581-1318.

10. The aforementioned phone number was assigned to a wireless telephone belonging to Plaintiff at all times relevant to this matter.

11. During both of the calls, the Collector left messages for Plaintiff.

12. 15 U.S.C. § 1692e(11) requires a debt collector to disclose that the communication is from a debt collector in each communication with a consumer.

13. In both of the messages, the Collector failed to disclose that the call was from a debt collector.

14. The calls and the messages were attempts to collect the Account.

15. Defendant violated the Act, 15 U.S.C. § 1692, subsection e(11).

WHEREFORE, Plaintiff demands judgment against Defendant for damages, costs, attorney's fees, and such other and further relief as the Court deems just and proper.

Respectfully Submitted,

_____
Carlo Sabatini, Bar Number PA 83831
Attorney for Plaintiff

Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512
Phone (570) 341-9000

### Verification by Plaintiff Mary Barbato

I affirm that the averments of fact contained in this pleading are true upon my personal knowledge or information and belief.

*Mary Barbato*
Mary Barbato

| | |
|---|---|
| Mary Barbato,<br><br>　　　　　　Plaintiff,<br>v.<br><br>Greystone Alliance, LLC,<br><br>　　　　　　Defendant. | Court of Common Pleas of Wayne County – Civil Action<br><br>Docket 565-cv-2013 |

**Plaintiff's Notice of Taking Deposition, *duces tecum*, of Defendant's Designated Representative Pursuant to Pa.R.Civ.P. 4007.1 by Stenographer and/or Videotape**

*To: Defendant Greystone Alliance, LLC*

　　**PLEASE TAKE NOTICE** that, pursuant to Pa.R.Civ.P. 4007.1 on December 12, 2013, beginning at 11:30 a.m. local time and continuing until completed at the Dunmore office of the undersigned, Plaintiff through counsel will take the deposition under oath of the designated representative(s) of Defendant Greystone Alliance, LLC (hereinafter, "*Defendant*") before a qualified notary public or other person authorized to administer oaths. The deposition will be taken stenographically and/or by videotape.

　　Please ensure that the designated representative is appropriately prepared to provide information regarding the enumerated topics. "If a Rule 30(b)(6) witness is unable to give useful information he is no more present for the deposition than would be a deponent who physically appears for the deposition but sleeps through it." *Black Horse Lane Assn. v. Dow Chem. Corp.*, 228 F.3d 275, 304 (3d Cir. 2000). If the deponent objects to any portion of the deposition notice, the deponent should specify those objections in writing in sufficient time prior to the deposition to permit counsel to resolve such objection or present the objection for ruling to the Court prior to the taking of the deposition. *See, Clemons v. Hartford Ins. Co. of Midwest*, 2009 WL 1605154, 6 (E.D. La. 2009).

**Definitions**

1. "*the Account*" refers to the debt that is identified in paragraph 7 of the complaint.

2. "*Document*" or "*Documents*" refers to all writings and recorded materials, of any kind, that are or which have been in the possession, control, or custody of *Defendant* or of which *Defendant* has knowledge, whether originals or copies. Such writings or recordings include, but are not limited to, contracts, documents, notes (whether stenographic, handwritten), rough drafts, interoffice memoranda, memoranda for the files, letters, research materials, correspondence, logs, diaries, forms, bank statements,

9. The telephone systems, local and long distance services used by *Defendant* and its collection employees in the course of their business or in the course of collecting accounts.

10. The general nature of *Defendant's* businesses.

11. The specific marketing methods, practices, techniques and strategies used by *Defendant* in its business. The history, specific details, and resolution of any formal and informal complaints, Better Business Bureau Complaints, lawsuits, regulatory actions, claims, litigations, mediations, arbitrations, or other actions, legal or otherwise, connected to or arising out of Defendant's business, in the period from three years before this case was filed to the present.[10]

12. The persons with litigation and/or settlement authority in this case.

13. Any and all other information related to each denial of fact contained in each Answer filed by *Defendant*.

14. All documents produced to *Plaintiff* by *Defendant* in the course of this case.

15. *Defendant's* responses to discovery propounded by *Plaintiff* in the course of this case.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Pa.R.Civ.P. 4007.1 *Defendant* is required to produce at the aforementioned time and place the following documents for inspection, review and photocopying:

16. All documents referred to, relied upon, or referenced in preparing for the examination.

17. All documents relating to *Defendant's* acquisition of *the Account*.

18. All documents evidencing *the Account*.

19. All documents relating to *Defendant's* communications with Plaintiff.

---

[10] This discovery request is relevant to the issue of whether Defendant had notice of the type of problem alleged here. Such notice could lead to the discovery of admissible evidence regarding the extent to which Defendant's noncompliance with the Act was intentional. Intentional noncompliance is a relevant factor to consider in determining the amount of the statutory damage award. *See* 15 U.S.C. § 1692k(b). However, if Defendant agrees not to contest the amount of any award of statutory damages, then this information would no longer be likely to lead to the discovery of admissible evidence. Thus, Plaintiff might withdraw this request if Defendant would agree that: if Plaintiff demonstrates a violation of the act, then Defendant shall pay the maximum statutory damages that are available under 15 U.S.C. § 1692k(a)(2). If you are interested in such an agreement, please contact the undersigned.

25. Any and all printouts computer, mechanical or other reports printed, prepared, or otherwise created using any computer system, software package, software system, or other electronic or non-electronic device used in any manner in *Defendant's* collection process, which include Plaintiff's name, address, telephone number(s), account number, or any other information which is personally identifiable to Plaintiff.

26. A plain-English description or glossary for any and all lists, legends, codes, abbreviations, collector initials, or other non-obvious terms, words, or data contained in any of the documents produced above.

*/s/ Carlo Sabatini*
Carlo Sabatini
Bar Number PA 83831
Attorney for Plaintiff
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512
Phone (570) 341-9000

| | |
|---|---|
| Mary Barbato,<br><br>　　　　　　Plaintiff,<br>v.<br><br>Greystone Alliance, LLC,<br><br>　　　　　　Defendant. | Court of Common Pleas of Wayne County – Civil Action<br><br>Docket 565-cv-2013 |

**PLAINTIFF'S COMBINED DISCOVERY REQUEST DIRECTED TO DEFENDANT - SET I**

*Instructions, Definitions, and Signature Applicable to Entire Combined Request*

A. Answers must be furnished within the time frame provided by the Rules of Civil Procedure.

B. Each discovery request should be responded to based upon your entire knowledge from all sources and all information in your possession or otherwise available to you, including information from your officers, employees, agents, representatives, or consultants and information that is known by each of them. An incomplete or evasive response is a failure to answer.

C. If any response is qualified, state specifically the terms of each qualification and the reasons for it. If a discovery request cannot be answered in full, state the part that can be answered and answer the same in full to the extent possible; state further and specifically the reasons why the remainder cannot be answered.

D. Unless otherwise specified in a particular paragraph, provide the information requested for the period of one year prior to the date of filing the complaint to the present. Each discovery request is considered continuing, and if *Defendant* obtains information that renders its answers, incomplete or inaccurate, *Defendant* is obligated to serve amended responses on the undersigned.

E. If any Interrogatory may be answered fully by a *Document*, the *Document* may be attached in lieu of an answer if the *Document* is marked to refer to the Interrogatory to which it responds.

F. "FDCPA" and "the Act" refer to the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.*

G. **When italicized**, these terms shall be defined as follows:

　　1. "*the Account*" refers to the debt that is identified in paragraph 7 of the complaint.

11. *"Telecommunications Services"* refers any local, long distance, voice-over internet protocol, or cellular phone services. It also refers to any service provided by any third party which causes phone calls to be placed at the *Defendant's* request.

*[signature: Carlo Sabatini]*

Carlo Sabatini
Bar Number PA 83831
Attorney for Plaintiff
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512
Phone (570) 341-9000

## Interrogatories

Please answer under oath, in accordance with the Rules of Civil Procedure, the following interrogatories.

1. *Identify* every person with factual information relevant to this case not otherwise identified in one of the following interrogatories.

2. For each person that answered or provided any information used to answer any Interrogatory, *Identify* the person and identify the interrogatories for which the person provided responsive information.[1]

3. State the correct legal name of *Defendant*, and the date and place *Defendant* was organized and registered and/or licensed to do business.

4. Identify by caption, court, civil action number, and result all litigation filed against *Defendant* in the last five years in any court where a finding was made that *Defendant* was a debt collector as defined by the Act. This request includes information regarding every case where a Court found that the Act applied to the *Defendant's* conduct, even if the court did not directly address the issue of whether *Defendant* was a debt collector.[2]

5. Of the number of accounts that Defendant attempted to collect in 2011, what percentage of that number represented the accounts that were known to **not** qualify as a

---

[1] A request to *Identify* a person is a request for the eight pieces of information described in ¶ G.9 of the above instructions. This information is necessary here to enable Plaintiff to serve a subpoena on the individual to compel the individual's appearance at a deposition.

[2] In lieu of responding to this interrogatory, you may instead concede that for all purposes in this action Defendant is a "debt collector" as defined at 15 U.S.C. § 1692a(6).

11. Indicate whether *Defendant* to this action ever electronically records telephone calls by any means with any persons from whom they are attempting to collect debts, and what steps are taken to preserve the recordings.

12. Indicate whether any or all of the defendants recorded any telephone call with the plaintiff in this case and whether or not these recordings have been preserved, and the current location and/or disposition of these recordings.

13. State the business name, address, and telephone number of all persons, companies, corporations, or other entities who provided local, long distance, voice-over internet protocol, or cellular phone services of any kind to *Defendant's* business, as well as identifying the phone numbers and account numbers for each such provider. The time period covered by this interrogatory is from the *Referral Date* to the present.

14. Is *Defendant* affiliated with any other organization (e.g., common ownership, overlapping offices or managers or common facilities or employees)? If so, describe the affiliation and *Identify* the participants.

15. State in detail the facts upon which you rely for each affirmative defense listed in your Answer.

16. If your response to the Requests for Admissions served simultaneously herewith is anything other than an unqualified admission, then please state as to each denial the specific facts forming the basis for such denial and *Identify* each witness and *Document* upon which you will rely to support your denial.

17. State the time frame during which *Defendant* was authorized to collect *the Account*. The period would begin on the *Referral Date* and would end on the date on which either *the Account* was returned to *Creditor* or *Defendant* sold *the Account*.

18. *Identify* each claim made under each liability insurance policy in the last two years, including the date of claim, claim number, the subject of the claim, the status of the claim, the resolution of the claim, and any amounts paid under each policy.[6]

---

[6] This discovery request is relevant to the issue of whether Defendant had notice of the type of problem alleged here. Such notice could lead to the discovery of admissible evidence regarding the extent to which Defendant's noncompliance with the Act was intentional. Intentional noncompliance is a relevant factor to consider in determining the amount of the statutory damage award. *See* 15 U.S.C. § 1692k(b). However, if Defendant agrees not to contest the amount of any award of statutory damages, then this information would no longer be likely to lead to the discovery of admissible evidence. Thus, Plaintiff might withdraw this request if Defendant would agree that: if Plaintiff demonstrates a violation of the act, then Defendant shall pay the maximum statutory damages that are available under 15 U.S.C. § 1692k(a)(2). If you are interested in such an agreement, please contact the undersigned.

### Defendant's Verification Regarding Answers
### Pursuant to Pa.R.Civ.P. 4006

Under penalty of perjury, I certify that the foregoing responses to interrogatories are true and correct.

Executed on: _____  
              Date

_____  
Signature

_____  
Print Name

_____  
Print Title

### Attorney's Statement Regarding Objections
### Pursuant to Pa.R.Civ.P. 4006

Pursuant to Pa.R.Civ.P. 4006 I hereby sign the above objections. I understand that pursuant to the comment to Pa.R.Civ.P. 4006 an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact.

_____  
Counsel for *Defendant*

### Request for Production of Statements

Pursuant to Pa.R.Civ.P. 4006 Plaintiff demands that copies of the following be made available within thirty (30) days:

***All statements made by parties and non-parties concerning the above action or its subject matter which are discoverable pursuant to the Rules of Civil Procedure.***

---

responding party to provide an explanation of the nature of the reasonable inquiry employed to locate responsive documents. *See also, In re Porsche Cars North America, Inc.*, 2012 WL 4361430 (S.D. Ohio September 25, 2012)(ordering disclosure of the method by which a party searched for and produced responsive documents.)

3. Defendant Greystone Alliance, LLC regularly attempts to collect consumer debts allegedly owed to another.

4. Defendant Greystone Alliance, LLC is a "debt collector" as defined at 15 U.S.C. § 1692a(6).

5. If *the Account* is a "debt" as defined at 15 U.S.C. § 1692a(5), then while attempting to collect *the Account* Defendant Greystone Alliance, LLC was a "debt collector" as defined at 15 U.S.C. § 1692a(6).[8]

6. Defendant Greystone Alliance, LLC telephoned the Plaintiff on within the last year of the filing of this lawsuit.

7. Defendant Greystone Alliance, LLC left a telephone message for Mary Barbato less than one year before the filing of this lawsuit in which it failed to disclose that the communication was from a debt collector.

8. Defendant Greystone Alliance, LLC does not maintain procedures reasonably adapted to insure that the disclosure required by 15 U.S.C. § 1692e(11) is included in all communications.

9. Defendant Greystone Alliance, LLC when leaving a message for a consumer on an answering machine or voice mail, intentionally refrains from disclosing that it is a debt collector.

## Request for Production of Documents

Plaintiff requests that *Defendant* produce for inspection and copying within (30) days the documents described herein. Please make the documents available for this inspection at the Dunmore office of Plaintiff's counsel, or at such office of *Defendant* as may be the location of any of the documents requested, in normal business hours, with the least possible disruption to the ordinary course of *Defendant's* duties and responsibilities. Please permit this inspection immediately after your response to this request has been served and also permit Plaintiff's attorneys to remove from *Defendant's* custody such of the documents as they desire to copy, on the understanding that they will be responsible for these documents so long as they are in their possession, that copying will be done at Plaintiff's expense, and that the documents will be promptly returned immediately after copying has been completed. This request is intended to

---

[8] This request does not ask Defendant to admit that it is a debt collector **unless** *the Account* is a debt covered by the Act.

8. All *Documents* that you might use to refresh your recollection as to the facts of this case in any proceeding.

9. All *Documents* that mention the name of the *Plaintiff* where *Defendant* either produced or received the *Document* after *Referral Date*.

10. All *Documents* that refer to *Plaintiff* without specifically mentioning or stating the name of Plaintiff.

11. All *Documents*, not already requested, which contain information which you believe is relevant to this case, including any *Document* mentioned in response to any discovery propounded by *Plaintiff*.

12. All *Documents* not already requested, which contain information relevant to any and all affirmative defenses asserted by any or all defendants.

13. An organizational chart showing the relationship of *Defendant* to all other related corporations and legal entities.

14. All licenses, degrees, awards, and other *Documents* that you believe qualify you as an expert in any manner and in any field.

15. Any and all *Documents* recording, documenting, or otherwise tracking the efforts of any and all defendants to collect *the Account*, including but not limited to:

   a. Inbound or outbound telephone calls to or from *Plaintiff* or any third-party in an effort to collect *the Account*.

   b. Inbound or outbound United States mail to or from *Plaintiff* or any third-party in an effort to collect *the Account*.

   c. Inbound or outbound communications of any other kind to or from *Plaintiff* or any third-party in an effort to collect *the Account*.

    b.    A copy of every written test taken by the *Caller* since he or she was hired.

    c.    A copy of the answers for, and results of, each test identified in the preceding paragraph.

    d.    A copy of every performance review for the *Caller* since the date which is two years before the date this action was filed.

    e.    A copy of every *Document* produced since the date which is two years before this action was filed where *Document* relates to the *Caller*'s performance.

    f.    All human resource department records, employment files, and other *Documents* for the *Caller*, including but not limited to any disciplinary notices, reprimands, incident reports, and electronic recordings

    g.    A printout showing the name, address, and telephone number of every person from whom the *Caller* attempted to collect a debt during the twelve month period that ended on the date you respond to this request.

    h.    A seating and/or location chart which documents the physical location of the *Caller* when he or she made phone calls in an effort to collect debts. The chart should indicate the work location and identity of each individual who had a workstation located within 25 feet of the *Caller*.

23.    A plain-English description or glossary for any and all lists, legends, codes, abbreviations, collector initials, or other non-obvious terms, words, or data contained in any of the *Documents* produced above.

    This Request shall be deemed continuing so as to require further and supplemental production if *Defendant* obtains additional *Documents* required to be produced herein between the time of the initial production and the time of trial.

Privilege Log

| Description of the *Document* (such as "letter," "memorandum," or "report"). | Date the *Document* was created or annotated. | Date of the *Document* if it is different from the date given in the previous column. | Identity of the *Document's* preparer or the person who annotated it. | Identity of the person to whom the *Document* was sent or for whom the *Document* was created. | Purpose of making annotations or of creating the *Document*. | Number of pages included in the *Document* | Bases for withholding discovery. |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |