# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY BARBATO, | : | |
| Plaintiff | : | 3:13-CV-02748 |
| v. | : | |
| | : | (JUDGE NEALON) |
| GREYSTONE ALLIANCE, LLC, | : | |
| Defendant | : | |

## MEMORANDUM

On October 7, 2013, Plaintiff, Mary Barbato, commenced this action by filing a complaint in the Pennsylvania Court of Common Pleas of Wayne County alleging that Defendant, Greystone Alliance, LLC, violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., ("FDCPA") by failing to disclose that it was a debt collector in two communications with Plaintiff. (Doc. 2, p. 3). Defendant removed this matter to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446 on November 8, 2013. (Doc. 1). On November 13, 2013, Defendant filed a motion to transfer the matter to the Western District of New York and a brief in support thereof, in addition to an answer and corporate disclosure statement. (Docs. 3-6). On December 2, 2013, Plaintiff filed a brief in opposition, and on December 12, 2013, Defendant filed a reply brief. (Docs. 7-8). The motion is now ripe for disposition and, for the reasons that follow, it will be denied without prejudice.

## I.  Standard of Review

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or

to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Upon a motion under Section 1404(a), a court must first determine whether the action could be brought in the transferee forum; if so, the court must then balance several private and public interest factors weighing in favor of or against transfer. Grafton v. Jefferson Capital Systems, LLC, 2011 U.S. Dist. LEXIS 116861, *2 (M.D. Pa. 2011), citing High River Ltd. P'ship v. Mylan Labs, Inc., 353 F. Supp. 2d 487, 492 (M.D. Pa. 2005) and Jumara v. State Farm Ins. Co., 55 F. 3d 873, 879 (3d Cir. 1995). The following private interest factors are to be considered: (1) the plaintiff's choice of forum; (2) the defendant's forum preference; (3) whether the claim arose elsewhere; (4) convenience of the parties as indicated by their physical and financial condition; (5) convenience of the witnesses (to the extent that they may be unavailable for trial in one of the fora); and (6) location of the evidence. Jumara, 55 F. 3d at 879. In an action where the court is interpreting federal law, the relevant public interest factors are: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) relative administrative difficulty in the two fora resulting from court congestion; and (4) local interest in deciding local controversies at home. Grafton, 2011 U.S. Dist. LEXIS 116861 at *3, citing Jumara, 55 F. 3d at 879-80.

In determining a motion under section 1404(a), a plaintiff's choice of forum is a "paramount consideration" and "should not be lightly disturbed in any determination of a transfer request." Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970) (quoting Ungrund v. Cunningham Brothers, Inc., 300 F. Supp. 270, 272 (S.D. Ill. 1969)). However, "courts give less deference to the plaintiff when he or she chooses a forum outside of his or her state of residence." Grafton, 2011 U.S. Dist. LEXIS 116861 at *3, citing Wellpet, LLC v. Midwestern Pet Foods,

2

Inc., 2009 U.S. Dist. LEXIS 117141, *2 (M.D. Pa. 2009). The moving party bears the burden of establishing the need for transfer "for the convenience of parties and witnesses, in the interest of justice." Jumara, 55 F. 3d at 879; 28 U.S.C. § 1404(a). Courts have "broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." Jumara, 55 F. 3d at 883 (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 30-31, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988)).

## II. **Statement of Facts**

Plaintiff currently resides in North Carolina, but at all relevant times to this action Plaintiff lived in Honesdale, Wayne County, Pennsylvania which is in the Middle District of Pennsylvania. (Doc. 2, ¶ 4). Defendant is a debt collector as defined in the FDCPA with a place of business in Getzville, New York. (Doc. 2, ¶ 5). Defendant, in an attempt to collect a debt, allegedly caused at least two telephone calls to Plaintiff's wireless telephone number and left messages for Plaintiff in which Defendant failed to disclose that the communication was from a debt collector. (Doc. 2, p. 3).

Reading the Complaint in the light most favorable to Plaintiff, it is inferred that the phone calls in question were received by Plaintiff's wireless telephone while located in Honesdale, Wayne County, Pennsylvania.

## III. **Discussion**

Defendant requests this matter be transferred to the United States District Court for the Western District of New York where Defendant is headquartered "in light of the fact that the Plaintiff and [Defendant] have no nexus to ... Pennsylvania." (Doc. 4, p. 1). Defendant highlights that venue is also proper in the Western District of New York as Defendant has its

3

principal place of business there, and Plaintiff concedes this. (Doc. 4, p. 3); (Doc. 7, p. 3). Defendant argues that although the Complaint alleges in a conclusory fashion that the events giving rise to the claim occurred within the Middle District of Pennsylvania, the communications in question were made to Plaintiff's mobile phone which has a Long Island, New York area code and Plaintiff could have been anywhere at the time of the messages. (Doc. 4, p. 3). Defendant argues: that the purported offending conduct originated in the Western District of New York and the books and records are located there; that the Western District of New York is more convenient for Defendant and its employees and not less convenient for Plaintiff who is from North Carolina; and that it would be easier and more cost effective for Plaintiff to convert a judgment from the United States District Court for the Western District of New York. (Doc. 4, pp. 6 -8).

In response, Plaintiff submits that the conduct in question occurred in this district, this district has a strong local interest in resolving the matter, and her choice of forum should be given great weight since it is the situs of the occurrence. (Doc. 7, pp. 5-6). Specifically, Plaintiff points out that she alleged that she lived in Honesdale, Pennsylvania at all relevant times and, "[t]hus the cause of action occurred in this district." (Doc. 7, p. 7); see also (Doc. 7, p. 13) ("[T]here is no dispute that Plaintiff was located in this district when she received the offending communications."). Plaintiff argues that although the convenience of Plaintiff's attorneys and their location "should not, on its own, be a relevant factor, the potential for increased attorney's fees under a fee shifting statute if the matter is transferred should be taken into account." (Doc. 7, pp. 7-8), citing Bolton v. Cavalry SPV I, LLC, Civ. No. 13-cv-1338, Dkt. 16 (W.D. Pa. Oct. 4, 2013). Plaintiff argues that Defendant has not met its burden of identifying witnesses who

4

would be unavailable in this forum or that the location of the books and records make this district less convenient, and highlights that the enforceability of the judgment would not be the same in both districts. (Doc. 7, pp. 9-10). Plaintiff submits that the Court has a local interest because the claim arose in this district. (Doc. 7, pp. 12-13). Lastly, Plaintiff distinguishes the caselaw cited by Defendant and argues that the offensive conduct occurred in this district which is Plaintiff's initial forum choice, entitled to great deference. (Doc. 7, pp. 14-15).

In reply, Defendant contests whether the alleged wrongful conduct occurred within the Middle District of Pennsylvania. (Doc. 8, p. 1). Defendant concedes that it "is not in a position to opine where the Plaintiff purportedly received the telephone calls alleged in the Complaint." (Doc. 8, p. 1 n.1). Defendant highlights that "the record before the Court is devoid of any evidence, i.e. a declaration from the Plaintiff herself that supports that conclusion" and that "[t]his is troubling because the telephone number [Defendant] supposedly called is based in Long Island." (Doc. 8, p. 3). However, Defendant contends that this Court has determined that the wrongful conduct of a defendant-debt collector takes place at the defendant's office, not where the plaintiff resides. Id., citing Grafton v. Jefferson Capital Systems, LLC, 2011 U.S. Dist. LEXIS 116861 (M.D. Pa. 2011); see also (Doc. 8, p. 3 n.2). Defendant argues that transfer is proper and Plaintiff's choice should be given less deference since Plaintiff is not a resident of Pennsylvania. (Doc. 8, p. 2-3).

Reading the allegations of the Complaint in the light most favorable to Plaintiff, it is inferred that the phone messages in question where received by Plaintiff's cellular phone while within this district. "Most cases involving claims under the FDCPA hold that such a claim arises in the district in which the plaintiff received the offending communication or debt collection

5

letter." Cable v. Allied Interstate, Inc., 2012 U.S. Dist. LEXIS 67111, *8 (E.D. Pa. 2012), citing Apostolou v. Mann Bracken, LLC, 2009 U.S. Dist. LEXIS 37050, *11 (D.N.J. 2009) (quoting Maloon v. Schwartz, Zweban & Slingbaum, LLP, 399 F. Supp. 2d 1108, 1114 (D. Haw. 2005)); see also, Bates v. C & S Adjusters, Inc., 980 F.2d 865, 868 (2d Cir. 1992); Russey v. Rankin, 837 F. Supp. 1103, 1105 (D.N.M. 1993); Lachman v. Bank of La. in New Orleans, 510 F. Supp. 753, 760 (N.D. Ohio 1981). Accordingly, it is determined that the situs of the alleged violations is the Middle District of Pennsylvania.

The Court finds the facts sub judice, as alleged, are distinguishable from those in Grafton, cited by Defendant, because in Grafton the phone calls were allegedly received in the state of Maryland. Grafton v. Jefferson Capital Systems, LLC, Docket No. 11-cv-01006 (M.D. Pa. May 25, 2011) at (Doc. 1, p. 2). Judge Conner, in deciding to transfer the case, noted that the only discernable connections between the plaintiff and the state of Pennsylvania were that the plaintiff's counsel resides in the Eastern District of Pennsylvania and the defendant maintains a registered agent in the Middle District of Pennsylvania. Grafton, 2011 U.S. Dist. LEXIS 116861 at *5 n.1. That "[t]he alleged conduct giving rise to the instant action occurred in Minnesota, the origin of the collection activity," was only one factor in deciding on transfer. Grafton, 2011 U.S. Dist. LEXIS 116861 at *8. The Court noted that despite his residence in Maryland, Plaintiff chose not to bring the action in that federal district and, between the Middle District of Pennsylvania and the District of Minnesota, the latter "is the forum with a stronger connection to the events giving rise to this litigation." Id. The difference sub judice is that the violations allegedly took place within the chosen district.

Here, Plaintiff's choice of forum is the Middle District of Pennsylvania, at the time of the

6

occurrences Plaintiff resided within the district, and it is inferred that the phone calls were received within the district. These factors are not outweighed by the reasons for transfer promulgated by Defendant, and Defendant has not met its burden of establishing the need for transfer in the interest of justice. The Middle District of Pennsylvania has a local interest in resolving the alleged violations and, accordingly, Defendant's motion to transfer will be denied at this time. However, the Court's inference, that the communications were received within the district, weighs heavily in favor of denying the motion to transfer. Accordingly, the motion will be denied without prejudice, to grant Defendant the possibility of re-filing should initial discovery establish the cellular phone messages were received outside of the Middle District of Pennsylvania.

## IV. Conclusion

Balancing the factors to be considered for transfer, Defendant has not met its burden of showing the need for a transfer in light of Plaintiff's choice of forum, which is also the alleged situs of the FDCPA violations. Accordingly, the motion will be denied without prejudice.

A separate Order will issue.

*[signature]*

United States District Judge

Date: **January 15, 2014**