**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
SCRANTON DIVISION**

| | |
|---|---|
| **MARY BARBATO,**<br>**on behalf of Plaintiff and a Class**<br><br>Plaintiff<br><br>vs.<br><br>**GREYSTONE ALLIANCE, LLC,**<br>**TURNING POINT CAPITAL, INC., and**<br>**CROWN ASSET MANAGEMENT, LLC**<br><br>Defendants | CIVIL CASE NO.:<br>3:13-CV-02748-MEM<br><br><br>THE HONORABLE<br>UNITED STATES DISTRICT JUDGE<br>MALACHY E. MANNION |

**<u>DEFENDANT'S MEMORANDUM OF LAW CONTRA TO PLAINTIFF'S MOTION TO ALLOW FILING OF DOCUMENT WITHOUT SEALING, OR, ALTERNATIVELY, TO ALLOW FILING OF DOCUMENT UNDER SEAL PURSUANT TO LOC. CIV. R. 5.8[1]</u>**

I.      INTRODUCTION

In the underlying Motion, the Plaintiff moves this Court to permit the filing of the Document without sealing, or, alternatively, to permit the filing of the Document under seal. The Motion should be denied for several reasons. First, the Document is immaterial since it was prepared by Crown's auditor and contains non-binding, non-sworn, non-legal statements. Second, the Document should not be considered because the Plaintiff failed to follow the specific procedure set forth in the Confidentiality and Discovery Protective Order. Third, the Document is irrelevant for the principal business purpose that the Plaintiff seeks to use it because, post-*Henson*, Crown is a creditor, not a debt collector, under the Fair Debt Collection Practices Act

---

[1] As used herein, the term "Document" shall refer to CAM 303, 304, 305, 310 and 315, as redacted.

("FDCPA").  For these reasons, Crown seeks an Order denying Plaintiff's Motion to file the Document, with or without seal, and granting Crown all other relief as this Court deems just and proper, including, but not limited to, striking the Document under Rule 12(f) of the Federal Rules of Civil Procedure.

II.     STATEMENT OF MATERIAL FACTS

According to relevant sections of the Confidentiality and Discovery Protective Order entered on August 28, 2015,

> 3.  Any party to this litigation and any third party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party.  Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only").  (Doc. 47 at 2.)
>
> 9.  Material produced and marked as Attorneys' Eyes Only may be disclosed only to the individuals described in Paragraphs 4(a), (b), (c), (d), and (f) and to such other persons as counsel for the producing party agrees in advance or as ordered by the Court.  (*Id.* at 5.)
>
> 10.  If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:
>
>> a.  Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in

question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute. (*Id*.)

  b. If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with the Court's Local Civil Rule, if any, before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute. (*Id.* at 6.)

11. All requests to seal documents filed with the Court shall comply with the applicable Local Civil Rule. (*Id*.)

13. Any party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential under the terms of this Order. (*Id*.)

14. Applications to the Court for an order relating to materials or documents designated as Confidential or as Attorneys' Eyes Only shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at Trial. (Doc. 47 at 6.)

3

On September 8, 2015, Crown's counsel emailed Plaintiff's counsel several pages bates-stamped CAM 303 through CAM 320 and designated as "ATTORNEYS' EYES ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER".

On July 13, 2017, the Plaintiff filed the Motion to allow filing of the Document without sealing, or, alternatively, to allow fling of the Document under seal. (Doc. 113.)

III.  PROCEDURAL HISTORY

On November 8, 2013, the within action was removed to this Court from the Wayne County Court of Common Pleas. (Doc. 1.)

On June 13, 2014, the Plaintiff filed an amended complaint against several Defendants, including Crown. (Doc. 21.)

On August 28, 2015, this Court entered that certain confidentiality and discovery protective order. (Doc. 47.)

On April 15, 2016, the Parties filed cross-motions for summary judgment. (Docs. 77 and 78.)

On March 30, 2017, this Court entered a memorandum opinion and order denying Plaintiff's motion for summary judgment, Crown's motion for summary judgment, and granting the Parties leave to file renewed motions for summary judgment. (Docs. 100 and 101.)

On June 23, 2017, Crown filed a motion for reconsideration of the March 30, 2017 order in light of the United States Supreme Court's ruling in *Henson v. Santander Consumer USA, Inc.*, No. 16-349, 137 S. Ct. 1718 (2017). (Doc. 107.)

On July 13, 2017, the Plaintiff filed the pending Motion to allowing filing of the Document without sealing, or, alternatively, to allow filing of the Document under seal. (Doc. 113.)

IV.     STANDARD OF REVIEW

Under Rule 12(f) of the Federal Rules of Civil Procedure, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading, or if a response is not allowed, within 21 days after being served with the pleading."

Under Local Civil Rule 5.8 of the United States District Court for the Middle District of Pennsylvania, "Unless otherwise prescribed by federal statutes, the Federal Rules of Criminal Procedure, the Federal Rules of Civil Procedure or other provisions of these Rules, including LR 5.2(e), no document shall be filed under seal unless authorized by an order of court. The filing of documents under seal shall be in accordance with LCrR 49."

Under Local Criminal Rule 49(c)(2)(b) of the United States District Court for the Middle District of Pennsylvania, "When the motion is filed, the party filing the motion shall present to the Clerk's Office, on paper, a statement of the legal and factual justification for the sealing order that is being sought[.]"

V.      ANALYSIS

The Plaintiff seeks to introduce the Document in support of Plaintiff's opposition to Defendant's motion for reconsideration.  Previously, the Plaintiff failed to introduce or even rely upon the Document in Plaintiff's summary judgment pleadings.  Now, through the Document, the Plaintiff attempts to argue new factual issues long after the respective discovery and summary judgment phases have passed.  This is clearly improper.  Crown did not file the motion for reconsideration to introduce new factual evidence.  Rather, Crown filed the motion based upon a change in the law.  The United States Supreme Court's ruling in *Henson* directly and

consequentially impacts the analysis that underpinned the March 30, 2017 Order. Accordingly, this Court should not consider the Document and recommends it should be stricken under Rule 12(f) of the Federal Rules of Civil Procedure. *See Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (D.N.J. 2002) ("The purpose of a motion to strike is to simplify the pleadings and save time and expense by excising from a plaintiff's complaint any redundant, immaterial, impertinent, or scandalous matter which will not have any possible bearing on the outcome of the litigation.") and *United States v. Kramer*, 757 F. Supp. 397, 410 (D.N.J. 1991) (internal quotation marks and citation omitted) (stating that "motions to strike serve a useful purpose by eliminating insufficient defenses and saving the time and expense which would otherwise be spent in litigating issues which would not affect the outcome of the case.").

    A.    <u>The Document Is Immaterial</u>.

Crown's auditor, Mobley & Company, wrote the Document. It contains, as redacted, several statements. The sole purpose of the Document was to "express an opinion on [Crown's] financial statements" and "to obtain reasonable assurance about whether the financial statements are free of material misstatement." Mobley & Company did not prepare the Document to offer a legal opinion as to Crown's principal business purpose. Plaintiff seeks to use the Document in support of her principal business purpose argument.

The Document does not contain any statements written or prepared by Crown and was prepared only to express an opinion on Crown's financial statements. It was not written to opine on Crown's principal business purposes. As such, the Document is immaterial and this Court should disregard it. By disregarding the Document, this Court would eliminate Plaintiff's insufficient claim and save time and expense in litigating the issues directly affecting the outcome of the case. Accordingly, this Court should deny Plaintiff's Motion to file the

Document, with or without seal, and grant Crown and all other relief as this Court deems just and proper, including, but not limited to, striking the Document under Rule 12(f) of the Federal Rules of Civil Procedure.

      B.    <u>The Document Should Not Be Considered Because the Plaintiff Failed to Follow the Procedure Set Forth in the Confidentiality and Discovery Protective Order</u>.

By filing this Motion, the Plaintiff failed to follow the procedure set forth in the Confidentiality and Discovery Protective Order. Any objection to the "Attorneys' Eyes Only" designation required a certain procedure to be followed as set forth under the Confidentiality Order. First, counsel for the objecting party shall serve counsel for the designating party a written objection to the designation. Counsel for the designating party shall respond in writing within 14 days and state the particular grounds for asserting the designation. If no timely written response is made, the challenged designation will be deemed to be void. However, if the designating party makes a timely response, then counsel shall confer in good faith to resolve the dispute. If a dispute as to the designation cannot be resolved by agreement, counsel for the objecting party shall present the dispute to the Court initially by telephone or letter before filing a motion. If a motion is filed, the motion must identify the challenged material and set forth in detail the basis for the challenged. Further, the motion must be accompanied by a declaration affirming that the movant has complied with the meet and confer requirements.

Here, Crown's counsel designated the Document as "Attorneys' Eyes Only – Subject to Discovery Confidentiality Order" on September 8, 2015. The Document was assigned this designation because it "contain[ed] highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party." (Doc. 47 at 2.) Material produced and marked

as "Attorneys' Eyes Only" was to be disclosed to certain parties. For purposes here, those parties included legal counsel and their staff. Plaintiff's counsel never served Crown's counsel with written objections to the "Attorneys' Eyes Only" designation of the Document. The pending Motion to file without seal does not contain a declaration affirming that Plaintiff has complied with the meet and confer requirements. Accordingly, since Plaintiff failed to follow the procedure under the Confidentiality and Discovery Protective Order, this Court should deny Plaintiff's Motion to file the Document, with or without seal, and grant Crown and all other relief as this Court deems just and proper, including, but not limited to, striking the Document under Rule 12(f) of the Federal Rules of Civil Procedure.

    C.    <u>The Document Is Irrelevant Because, Post-*Henson*, Crown Is a Creditor under the FDCPA</u>.

Post-*Henson*, Crown is a creditor under the FDCPA. In its March 30, 2017 Order, this Court set forth the Third Circuit's test for determining a debt collector. (*See* Doc. 100 at 24-25); *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000) ("[T]he Third Circuit has held that an entity is a debt collector if (1) it is assigned a defaulted debt, <u>and</u> (2) its principal business purpose is the collection of debts, or it regularly engages in debt collection." In *Henson*, the Supreme Court ruled a debt purchaser of defaulted debt does not trigger the statutory definition of a debt collector. *Henson*, 137 S. Ct. at 1721 ("Neither does this language appear to suggest that we should care how a debt owner came to be a debt owner—whether the owner originated the debt or came by it only through a later purchase. All that matters is whether the target of the lawsuit regularly seeks to collect debts for its own account or does so for "another.") So in this case, post-*Henson*, it does not matter whether the debt was in default status at the time of acquisition. Therefore, the first part of this Court's *Pollice* analysis must be answered in the

negative. And, since the analysis ends there, Crown cannot be a debt collector under the FDCPA.

In the Order, this Court also recognized the mutual exclusivity of the terms "creditor" and "debt collector" under the FDCPA. (*See* Doc. 100 at 18); *Fed. Trade Comm'n v. Check Investors, Inc.*, 502 F.3d 159, 173 (3d Cir. 2007) ("[A]s to a specific debt, one cannot be both a 'creditor' and a 'debt collector', as defined in the FDCPA, because those terms are mutually exclusive.") As shown above, Crown is not a debt collector under the FDCPA. Since Third Circuit caselaw recognizes the mutual exclusivity of the terms, Crown is a creditor under the FDCPA.

Here, Plaintiff attempts to use the Document in support of her principal purpose argument. However, as argued repeatedly in prior pleadings, Crown is a creditor under the FDCPA. Therefore, Plaintiff's attempt to use the Document is irrelevant, and this Court should deny Plaintiff's Motion to file the Document, with or without seal, and grant Crown all other relief as this Court deems just and proper, including, but not limited to, striking the Document under Rule 12(f) of the Federal Rules of Civil Procedure.

VI.   CONCLUSION

WHEREFORE, for the above-stated reasons, the Defendant, Crown, respectfully requests (a) an Order denying Plaintiff's Motion to file the Document, with or without seal, and (b) granting Crown all other relief as this Court deems just and proper, including, but not limited to, striking the Document under Rule 12(f) of the Federal Rules of Civil Procedure.

Respectfully submitted by:

*/s/ Michael J. Palumbo*
_____
Michael J. Palumbo, Esquire
Pennsylvania Attorney Registration #313431
Anthony J. Gingo, Esquire
Ohio Attorney Registration #0085669
Gingo Palumbo Law Group LLC
Summit One
4700 Rockside Road, Suite 440
Independence, Ohio 44131
Telephone: (216) 503-9512
Facsimile: (888) 827-0855
E-Mails:  michael@gplawllc.com
             anthony@gplawllc.com
*Counsel for the Defendant. Crown Asset Management, LLC*