# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARY BARBATO,** | : | |
| Plaintiff, | : | **Civil Action No. 3:13-2748** |
| v. | : | |
| **CROWN ASSET MANAGEMENT LLC,** | : | **(JUDGE MANNION)** |
| Defendant | : | |

## MEMORANDUM

On February 22, 2019, the Third Circuit affirmed this court's Memorandum and Order which denied defendant Crown's motion for reconsideration of the court's March 30, 2017 decision denying Crown's summary judgment motion, (Doc. 107). *See* 2017 WL 5496047 (M.D.Pa. Nov. 16, 2017); *see also* 2017 WL 1193731 (M.D.Pa. March 30, 3017). The Third Circuit also remanded the case to this court to determine the issue of Crown's liability to plaintiff which "turns [ ] on the principles of vicarious liability." *See* Barbato v. Greystone Alliance, LLC, 916 F.3d 260 (3d Cir. Feb. 22, 2019).

On March 18, 2019, the Third Circuit issued its Mandate. (Doc. 129).

On March 20, 2019, the court continued to stay the plaintiff's motion to certify class, (Doc. 64), and deferred ruling on this motion until it decides whether Crown can be held vicariously liable to the plaintiff for the collection activities of Turning Point. (Doc. 130). By separate Order, the court referred this case to mediation.[1] (Doc. 131).

---

[1]The court also noted that if mediation was unsuccessful, the court would schedule a deadline for filing cross-motions for summary judgment

On March 29, 2019, Crown filed a motion to stay all proceedings in this case, (Doc. 132), until the United State Supreme Court decides its petition for a writ of certiorari with regard to the Third Circuit's February 2019 decision.

The plaintiff filed her brief in opposition to Crown's motion to stay on April 11, 2019. (Doc. 133). Crown filed its reply brief on April 25, 2019. (Doc. 134).

Initially, even though the timely filing of a notice of appeal generally divests the district court of jurisdiction over matters involved in the appeal, *see* Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S.Ct. 400, 402 (1982), Crown's petition for a writ of certiorari filed with the United States Supreme Court does not automatically divest this court of jurisdiction over this case since it is not a notice of appeal and it is not yet known whether the Court will grant the petition. *See* Rucker v. Dep't of Labor, 798 F.2d 891, 892 (6th Cir.1986) ("As a general rule, a district court loses jurisdiction over an action when a party perfects an appeal ...."); Venen v. Sweet, 758 F.2d 117, 120 (3d Cir. 1985) ("As a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal."); *see also* U.S. v. Rodgers, 101 F.3d 247, 252 (2d Cir. 1996) ("notice of appeal from a district court order that was non-final did not divest the jurisdiction of the district court") (citation

---

regarding the issue remanded by the Third Circuit pertaining to Crown's liability for the collection activities of Turning Point.

omitted). Thus, this court is not divested of jurisdiction because Crown has not yet perfected an appeal and there are no issues in this case that are presently before an appellate court on interlocutory review.

"The power to stay is incidental to the power inherent in every court to dispose of cases so as to promote their fair and efficient adjudication." United States v. Breyer, 41 F.3d 884, 893 (3d Cir. 1994). The court has wide latitude in deciding whether to sever and stay proceedings by weighing the competing interests of the parties and attempting to maintain a fair balance. Cooper v. Metlife Auto & Home, 2013 WL 4010998, *2 (W.D.Pa. Aug. 6, 2013)(citing Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936)); Barr Labs, Inc. v. Abbott Labs, 978 F.2d 98, 105 (3d Cir. 1992); Bechel Corp. v. Laborers' Int'l Union, 544 F.2d 1207, 1215 (3d Cir. 1976)). "It is well settled that before a stay may be issued, the petitioner must demonstrate 'a clear case of hardship or inequity,' if there is 'even a fair possibility' that the stay would work damage on another party." Gold v. John-Manville Sales Corp., 723 F.2d 1068, 1076 (3d Cir. 1983)(quoting Landis, 299 U.S. at 255). *See also* Kegerise v. Susquehanna Township School District, 2017 WL 5070244, *2 (M.D.Pa. Nov. 3, 2017) ("The party seeking a stay of the litigation must present a clear countervailing interest to the other party's right to litigate her case.") (citing CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc., 381 F.3d 131, 139 (3d Cir. 2004)).

"In determining whether to grant a motion to stay, courts should consider: (1) the length of the requested stay; (2) the 'hardship or inequity'

3

that the movant would face in going forward with the litigation; (3) the injury that a stay would inflict upon the non-movant; (4) whether a stay will simplify issues and promote judicial economy." Structural Grp., Inc. v. Liberty Mut. Ins. Co., 2008 WL 4616843, at *5 (M.D.Pa. Oct. 16, 2008) (citing Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936); CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc., 381 F.3d 131, 135-36 (3d Cir. 2004)); see also Bernard v. Lackawanna County, 2016 WL 362424 (M.D.Pa. Jan. 29, 2016).

The Third Circuit has further noted that, "efficiency does not, by itself, allow a federal court to refuse to exercise its jurisdiction in favor of proceedings in an alternative forum." CTF Hotel Holdings, Inc., 381 F.3d at 139.

After careful consideration of the four factors outlined above, the court finds that they weigh in favor of staying this case. The first factor requires the court to look at the potential length of the stay. Crown states that "while a precise duration cannot be specified, the stay would not be indefinite since the Supreme Court of the United States will dispose of Crown's petition for a writ of certiorari within a few months [based on the Court's own rules and procedures]; in the event the Supreme Court grants review, a decision is very likely to be issued before July 2020." Although indefinite stays are disfavored, see Kegerise, 2017 WL 5070244, *2, and it is not possible to predict how long it will take the Supreme Court to decide whether or not it will grant Crown's petition, the court does not find the stay would be indefinite.

Specifically, this case was previously stayed pending the Third Circuit's

4

decision regarding Crown's interlocutory appeal of this court's order denying its motion for reconsideration. Despite the fact that the duration of that stay was not certain, that stay was clearly beneficial in light of the Third Circuit's decision which moved this case forward. Also, as stated, the court essentially stayed the proceedings in this case pending the outcome of mediation. The mediation has not yet been accomplished in light of Crown's motion to stay. Additionally, the issue in this case is not simply an interlocutory order directing fact finding by the district court as plaintiff contends, rather, it also involves a legal finding as the Third Circuit's opinion makes clear.

As such, the court finds that a further stay will not cause any additional prejudice to either party and that any action which the Supreme Court takes in this case will assist in the mediation process as there will be no doubt on the issues which are appealed. It is also possible that a decision by the Supreme Court may render mediation moot.

With respect to the second factor, i.e., the hardship or inequity that Crown would face in going forward with the litigation, no doubt that if the Supreme Court grants certiorari and then rules in Crown's favor, it would mean that Crown is not a debt collector entitling it to summary judgment. Also, if this case proceeded and the Supreme Court did eventually rule in Crown's favor, Crown would have been forced to expend money, time and resources needlessly. Indeed, both parties face potential hardship if the stay is denied, regardless of whether Crown ultimately prevails, since they both will have to continue to expend money, time and resources if this case proceeded even

5

though further action in the case may be nullified by a Supreme Court decision. Simply put, if certiorari is granted, the Supreme Court could decide the main issue in this case. As such, the court finds that denial of the motion for a stay will harm or be inequitable to the parties.

In addressing the third factor, the injury that a stay would inflict upon the plaintiff, Crown points out that "the Plaintiff seeks statutory damages only under the amended complaint and has not alleged any actual and/or continuing harm", and that "there is a reduced need to reach a speedy resolution where there is no alleged ongoing harm that must be prevented."

Finally, the court finds that a stay will clarify issues and, promote efficiency and judicial economy. As Crown explains in its motion,

> if certiorari is granted, resolution of the *Barbato* matter in the Supreme Court will bear significantly and directly upon the instant matter. A Supreme Court ruling in favor of Crown would not just resolve the central issue in this case – whether an entity that acquires debt but outsources all collection activities is a debt collector under the FDCPA – it would also effectively moot Plaintiff's entire lawsuit [including plaintiff's motion for class certification] given the dismissal of the only other Defendant, Turning Point Capital, Inc., on January 19, 2016.

Further, if this case were to proceed, any actions taken in the case could be overruled depending on what the Supreme Court decides if it grants Crown's petition for writ of certiorari.

Thus, the court finds that all four factors weight in favor of granting Crown's motion to stay all proceedings pending the disposition of its petition for a writ of certiorari by the Supreme Court.

Accordingly, Crown's motion to stay all proceedings in this case, (Doc. 132), will be **GRANTED**. An appropriate order will follow.

s/ *Malachy E. Mannion*  
**MALACHY E. MANNION**  
**United States District Judge**

**Date: April 30, 2019**

13-2748-02.wpd